IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02543-BNB

ROBERT WAYNE ROBINSON,

      Plaintiff,

v.

HONORABLE JUDGE PAUL A. KING,
JAMES J. PETERS, Former District Attorney, and
JOHN SUTHERS, Colorado Attorney General,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Robert Wayne Robinson, is a prisoner in the custody of the Colorado

Department of Corrections who currently in incarcerated at the correctional facility in

Buena Vista, Colorado. Mr. Robinson, acting *pro se*, filed a Prisoner Complaint (ECF

No. 1) pursuant to 42 U.S.C. § 1983 on September 25, 2012, asking for injunctive relief.

      Mr. Robinson has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to

dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief. A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*,

490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States while

they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150

(1970).

The Court must construe Mr. Robinson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the complaint and the action will be dismissed.

Mr. Robinson asks this Court to remand his criminal case No. 02CR382 to the state courts for an "evidentiary hearing on district court[']s denial of plaintiff's insanity defense immediately prior to plaintiff's jury trial." ECF No. 1 at 3. He also asks to be allowed to "acquire access to all records and exculpatory evidence, electronic and or hard copy pertaining to the state of Colorado's past secret illegal use of unqualified psychologists to conduct competency and sanity evaluations." *Id.* He contends that such information is in the custody of the Colorado Attorney General's Office, among other state agencies. *Id.* at 3-4. He contends his criminal proceedings in state court were "inadequate" to vindicate his rights and the denial of a state court evidentiary hearing violated his due-process rights by not allowing him to present his claim of illegal use of unqualified psychologists to conduct competency and sanity evaluations. *Id.* at 4. He asserts four claims of constitutional violations challenging how his state criminal trial proceedings were conducted.

2

Mr. Robinson fails to allege any valid authority for this Court to instruct the state court "to conduct an evidentiary hearing on plaintiff's disallowed plea of not guilty by reason of insanity," *id.* at 13, or to order his "access to all records, electronic hard copy and otherwise, pertaining to the state of Colorado's past illegal use of psychologists in 2002-2004 to conduct competency/sanity evaluations." *Id.* at 13. Therefore, to the extent Mr. Robinson asks the Court to do so, the complaint and the action will be dismissed for lack of subject-matter jurisdiction.

Mr. Robinson's complaint suffers from another deficiency. Although Mr. Robinson contends the instant action "is not the equivalent of a direct attack on plaintiff's 2004 criminal conviction, (02CR382)," *id.* at 3, to the extent Mr. Robinson is challenging the basis for and validity of his criminal conviction, the complaint must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. Mr. Robinson does not allege that he has invalidated his conviction through a writ of habeas corpus.

Although Mr. Robinson does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred

3

(absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Robinson's allegations, his request for injunctive relief necessarily implies the invalidity of his conviction.  See *Lawson*, 67 Fed. App'x at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983").  Success on Mr. Robinson's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration, despite his contention that such relief is not the purpose of his complaint.  Therefore, his claims for injunctive relief cannot be pursued under § 1983.  Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14.  As stated earlier, Mr. Robinson does not allege, and nothing in the Court file indicates, he has invalidated his conviction through a writ of habeas corpus.

A review of this Court's docketing records indicates Mr. Robinson previously initiated a habeas corpus action in this Court challenging his conviction in Douglas County District Court Criminal Case No. 02CR382, the conviction he challenges here. *See Robinson v. Davis*, No. 10-cv-02692-REB (D. Colo. Nov. 3, 2011), *appeal dismissed*, No. 11-1525 (10th Cir. Feb. 16, 2012).  The Court denied the habeas corpus application and dismissed the action with prejudice on November 3, 2011.  ECF No. 48.

"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

To the extent Mr. Robinson is challenging the basis for and validity of his state criminal conviction, the instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Robinson files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that, to the extent Plaintiff, Robert Wayne Robinson, asks this Court to instruct the state courts to conduct an evidentiary hearing on his plea of not guilty by reason of insanity, and order his access to all records pertinent to the state of Colorado's past use of psychologists to conduct competency and sanity evaluations, the complaint and the action are dismissed for lack of subject-matter jurisdiction. It is

FURTHER ORDERED that, to the extent Mr. Robinson is challenging the basis for and validity of his state criminal conviction, the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   14th   day of ___November_____, 2012.

BY THE COURT:


  s/Lewis T. Babcock                       
LEWIS T. BABCOCK, Senior Judge
United States District Court